IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| UNITED STATES OF AMERICA, | ) | CR 11-45-M-DWM |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| SHAWN PATRICK MALARKEY, | ) | |
| Defendant. | ) | |

Shawn Malarkey moves the Court for an indicative ruling, asking the Court to indicate whether it would accept jurisdiction, if revested by the Ninth Circuit, to consider factual allegations that Malarkey makes in his notice of appeal.

The Court sentenced Malarkey on October 12, 2012, following his guilty plea. In his plea agreement with the United States, Malarkey waived his right to a direct appeal:

> *Waiver of Appeal*: The defendant acknowledges that 18 U.S.C. § 3742(a) affords him the right to appeal the sentence imposed in this case. In consideration for the government's concessions in this agreement, the defendant waives any and all right to directly appeal the sentence.

(Plea Agreement, doc. 38 at ¶ 8.)

1

Despite this waiver, Malarkey filed a notice of appeal on October 25, 2012. (Doc. 50.) In his notice, Malarkey claims that (1) he did not "knowingly, intelligently or voluntarily" make his guilty plea, (2) his counsel did not correctly explain the plea agreement to him, and (3) he could not have pleaded guilty on account of his mental health issues and medication. He asks that new counsel be appointed to represent him on appeal.

Malarkey's sentencing counsel filed the motion for an indicative ruling on November 9, 2012. His counsel argues that the district court should first address certain factual allegations that Malarkey made in his notice of appeal before the Ninth Circuit addresses the merits of the appeal. Malarkey's counsel argues that the Ninth Circuit's decision in *Carriger v. Lewis*, 971 F.2d 329 (1992) permits this Court to make an indicative ruling and permits the Ninth Circuit to revest this Court with jurisdiction to address the factual allegations. The Court disagrees.

Once a defendant files a notice of appeal, that divests the district court of jurisdiction. *Id.* at 332 (citations omitted). In civil cases—e.g., habeas corpus cases—a district court may grant post-judgment relief under Federal Rule of Civil Procedure 60(b). Criminal cases are different. Post-judgment relief is governed by Federal Rules of Criminal Procedure 35 and 36. These rules are relatively narrow compared to Rule 60(b). Generally speaking, a court only has jurisdiction

following a criminal judgment to correct a clerical error, reduce a sentence for substantial assistance, or correct some other error arising from an oversight or omission. Fed. R. Crim. P. 35, 36.

Neither Rule 35 nor Rule 36 apply here. Nor does *Carriger* apply to this case. *Carriger* was a civil, habeas case, so the district court had jurisdiction to address its prior judgment under Rule 60(b). Rule 60(b) does not apply in criminal cases, and Malarkey's counsel has not explained how this Court would otherwise have jurisdiction to address Malarkey's factual allegations. Instead, the claims that Malarkey raises are more appropriately raised in a petition filed under 28 U.S.C. § 2255. The Court notes, though, that Malarkey has waived his right to collaterally attack his sentence and judgment under 28 U.S.C. § 2255. (*See* Plea Agreement, doc. 38 at ¶ 8.)

Of course, if the Ninth Circuit revests this Court with jurisdiction and orders it to address Malarkey's allegations, the Court will do that. But the Court cannot, at this point, conclude that it would have jurisdiction to address the allegations. Accordingly,

IT IS ORDERED that Shawn Malarkey's motion for the Court to indicate willingness to accept limited remand from the Ninth Circuit to resolve factual issues arising under Defendant's notice of appeal (doc. 55) is DENIED. The Court

is not willing to address the factual issues that Malarkey raises in his notice of appeal, absent an order from the Ninth Circuit directing it to do so.

IT IS FURTHER ORDERED that Malarkey's request for the Court to order the Marshal's office to retain the defendant in the District of Montana is DENIED. Malarkey may renew that motion if the Ninth Circuit remands this matter.

Dated this 14th day of November 2012.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT