FILED
APR 07 2017
Clerk, U.S. District Court
District of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>SHAWN PATRICK MALARKEY,<br><br>Defendant/Movant. | Cause No. CR 11-45-M-DWM<br>CV 16-84-M-DWM<br><br>ORDER DENYING § 2255 MOTION AND GRANTING CERTIFICATE OF APPEALABILITY |

This case comes before the Court on Defendant Malarkey's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Malarkey is a federal prisoner proceeding with counsel.

**I. Background**

On July 11, 2012, Malarkey pled guilty to one count of robbery involving controlled substances, a violation of 18 U.S.C. § 2118(c)(1) (Count 1), and one count of using a firearm during and in relation to the Count 1 robbery, a violation of 18 U.S.C. § 924(c)(1)(A) (Count 2). Plea Agreement (Doc. 38) at 3-4 ¶ 4. Although the Indictment did not use the word "brandishes," it cited 18 U.S.C. § 924(c)(1)(A)(ii), and the caption set the minimum penalty for Count 2 at seven years. See Indictment (Doc. 1) at 1 (caption), 3. In addition, Malarkey expressly admitted the element of brandishing the firearm. See Change of Plea Tr. (Doc. 58)

1

at 3:7-5:5, 34:19-35:1, 37:17-38:23, 39:18-40:1, 40:16-41:16.

On October 12, 2012, Malarkey was sentenced to serve 100 months on Count 1 and a consecutive term of 84 months on Count 2. Minutes (Doc. 45); Judgment (Doc. 46) at 1 (citing 18 U.S.C. § 924(c)(1)(A)(ii)); *id.* at 2-3. On January 28, 2013, Malarkey voluntarily dismissed his appeal. *See* Order (Doc. 60) at 1, *United States v. Malarkey*, No. 12-30325 (9th Cir. Jan. 28, 2013).

Malarkey now seeks relief under the United States Supreme Court's recent decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015). *See also Welch v. United States*, __ U.S. __, 136 S. Ct. 1257, 1265 (2016) (holding that *Johnson* applies to cases already final when it was issued).

## II. Procedural Defenses

The United States' procedural defenses, *see* Resp. to § 2255 Mot. (Doc. 63) at 2-6, stand or fall with the same question as the merits of the § 2255 motion— i.e., whether *Johnson* applies to Malarkey's motion. If *Johnson* does not support relief, the United States does not need its procedural defenses to carry any water. The question is whether *Johnson* supports relief for Malarkey.

## III. 18 U.S.C. § 924(e)

In *Johnson*, the Court considered the meaning of a provision in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The ACCA imposes a harsher sentence on a person convicted of a firearms offense if the person has three

2

prior convictions for a violent felony or controlled substance offense. The Act defines a "violent felony" as a felony that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]

18 U.S.C. § 924(e)(2)(B). *Johnson* discussed only the italicized clause, commonly called the "residual" clause.

The Supreme Court found the residual clause so vague that it deprived defendants of fair notice of the consequences of their decisions and so loose that it invited arbitrary enforcement by sentencing judges. Therefore, the decision held, federal sentencing courts may no longer enhance a defendant's sentence based on a prior conviction when that conviction qualifies as a "violent felony" only under the residual clause. *See Johnson*, 135 U.S. at 2555-60, 2563. *Johnson* did not address either subsection (i) or the first line of subsection (ii) in § 924(e)(2)(B). Those provisions remain valid law.

### IV. 18 U.S.C. § 924(c)(3)

Malarkey challenges his conviction not under the ACCA but under 18 U.S.C. § 924(c)(1)(A) and (iii) for using or carrying a firearm during and in relation to a "crime of violence." The definition of a "crime of violence" in § 924(c)(3) is not identical to the definition of a "violent felony" in § 924(e)(2)(B),

3

but it is similar:

> (3) For purposes of this subsection [§ 924(c)] the term "crime of violence" means an offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

For the sake of argument, the Court will assume that the residual clause in § 924(c)(3)(*B*) is unconstitutionally vague for the reasons explained in *Johnson*. Even so, Malarkey's conviction and sentence under § 924(c) would still be valid if the "crime of violence" he committed "ha[d] as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(*A*).

## V. Drug Robbery

The predicate offense for Malarkey's § 924(c) charge was 18 U.S.C. § 2118(c)(1), but subsection (c) requires proof of violation of § 2118(a). A drug robbery under 18 U.S.C. § 2118(a) requires the United States to prove the defendant used "force or violence or intimidation" to take a controlled substance from the person or presence of another person.[1]

---

[1] Certain penalty enhancements apply. For instance, if, in committing a drug robbery,

"Force or violence or intimidation" appears to be one element; that is, a jury would not need to agree unanimously that the defendant used force, as opposed to violence or intimidation, and the penalty does not vary depending on whether the defendant used violence or intimidation. For those reasons, the Court will assume that a violation of § 2118(a) is a "crime of violence" under § 924(c) only if all possible means of using "force or violence or intimidation" to take a controlled substance involve the use, attempted use, or threatened use of physical force against the person of another. *See generally Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276, 2285-86 (2016).

"Physical force" means "*violent* force—that is, force capable of causing physical pain or injury to another person," as opposed to the common-law definition of force that included mere offensive touching. *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original). "Use" of physical force requires an intentional act, as opposed to a negligent one, *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004), or even a reckless one, *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1129-32 (9th Cir. 2006) (en banc); *United States v. Benally*, 843 F.3d 350,

---

the defendant "assaults any person, or puts in jeopardy the life of any person, by the use of a dangerous weapon or device," the penalty for violation of § 2118 is up to 25 years in prison. 18 U.S.C. § 2118(c)(1). Section 924(c) expressly refers to this type of provision when it imposes a penalty for use of a firearm even where the "crime of violence or drug trafficking crime . . . provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device." 18 U.S.C. § 924(c)(1)(A). The internal reference in § 924(c)(1)(A) is some indication that Congress intended a drug robbery in violation of 18 U.S.C. § 2118 to serve as a predicate offense under § 924(c).

354 (9th Cir. 2016) (holding that involuntary manslaughter, defined as murder without malice, is not a crime of violence because it requires only a showing of gross negligence).

Malarkey claims that mention of "intimidation" means that a drug robbery may be committed without using or attempting or threatening to use force. *See* Mot. § 2255 (Doc. 61) at 15-16; Reply (Doc. 34) at 18-20. Because the drug robbery statute uses three words—force or violence or intimidation—it is clear that Congress did not believe all three to be the same thing. It is also clear that a crime is a "crime of violence" only if it necessarily requires the United States to prove the defendant used or attempted or threatened to use physical "force."

But reference to "intimidation" in contrast to "force" does not automatically negate *any* component of force *in* intimidation. In *United States v. Harrison*, 585 F.3d 1155 (9th Cir. 2009), for instance, the court interpreted a different statute's reference to both force and intimidation, *see* 18 U.S.C. § 111(a), to indicate that intimidation is not a *use* of force. *See* 585 F.3d at 1160. As a result, a jury instruction that mentioned intimidation without mentioning force produced the unacceptable possibility that the defendant could be convicted "for no more than purposefully standing in a way that emphasized his size and strength." *Id.* Because the statute at issue in *Harrison* required that the defendant "*forcibly . . . intimidate*[]" a federal officer or employee, 18 U.S.C. § 111(a) (emphasis added),

6

the court held that purposefully standing in a physically intimidating stance was not sufficient to support a conviction.

By contrast, under the drug robbery statute, purposefully standing in a way that emphasizes size and strength could suffice to prove the offense, provided it is the means by which a defendant "takes" a controlled substance "from the person or presence of another." Intimidation facilitates taking when it is perceived as a threat to use physical force against the person or property of another. A victim's *perception* of a threat need not always mean the defendant *made* a threat, but the elements of the drug robbery statute are met only when a defendant "takes" a controlled substance "*by* force or violence or *by* intimidation." 18 U.S.C. § 2118 (emphases added). There must be something, in other words, that supports a finding beyond reasonable doubt that the defendant actively employed force or violence or intimidation as a means of taking the drugs.

Malarkey argues that "the act of placing another in fear of bodily harm (aka fear of injury), at best, constitutes a threat of physical injury to another, which does not necessarily require the use or threatened use of 'violent force against another.'" Mot. § 2255 at 16 (citing *Johnson I*). Yes, it does. Malarkey seeks to impute to the Supreme Court's definition of "force" in *Johnson I* a quantitative element, that is, that X number of ergs of force must be used. *Johnson I* does not say that. The *Johnson I* Court held that "force" is not shown by unwanted or offensive touching

7

or "*any* intentional physical contact, no matter how slight," *Johnson I*, 559 U.S. at 138 (emphasis in original) (internal quotation marks omitted), but only by "force *capable of causing physical pain or injury* to another person," *id.* at 140 (emphasis added).

Similarly, the Ninth Circuit's opinion in *United States v. Parnell*, 818 F.3d 974 (9th Cir. 2016), and Judge Watters' opinion in *United States v. Ervin*, No. CR 13-23-BLG-SPW (D. Mont. July 28, 2016), both concerned "force" elements that were met by "any force, however slight . . . so long as the victim is aware of it," *Parnell*, 818 F.3d at 979, or "any use of physical force against another person so as to harm *or embarrass* him," Order (Doc. 82) at 24 (quoting Michigan jury instruction) (emphasis in order), *Ervin*, No. CR 13-23-BLG-SPW (D. Mont. July 28, 2016).

Because Malarkey does not cite any case holding that the United States may prove the element of force, violence, or intimidation in § 2118 merely by showing an unwanted or offensive touch, *Johnson I*, *Parnell*, and *Ervin* do not support his position. Likewise, there is no reason to believe the element of "intimidation" could be met by evidence showing a threat to inflict mere economic or reputational injury. Intimidation is a tacit threat to use force capable of causing *physical* injury. Therefore, when a defendant pleads guilty to taking a controlled substance from the person or in the presence of another "*by* force or violence or *by* intimidation,"

he pleads guilty to using, attempting to use, or threatening to use physical force capable of causing injury against the person or property of another. Even assuming *Johnson II* invalidates the residual clause, 18 U.S.C. § 924(c)(3)(B), application of *Johnson I* shows that drug robbery in violation of 18 U.S.C. § 2118 is a "crime of violence" under the force clause, § 924(c)(3)(A).

## VI. Conclusion

It seems hard to deny that a drug robbery, "by its nature, involves a substantial risk that physical force against the person or property of another may be used." 18 U.S.C. § 924(c)(3)(B). But, even assuming that *Johnson* invalidates the residual clause of § 924(c)(3)(*B*), it does not undermine Malarkey's conviction for brandishing a firearm during and in relation to a "crime of violence." Because the United States was required to prove Malarkey committed the drug robbery "by force or violence or by intimidation," it necessarily proved, as an element, that Malarkey used, attempted to use, or threatened to use physical force against the person or property of another. Therefore, Malarkey's conviction meets the elements clause of 18 U.S.C. § 924(c)(3)(*A*).

## VII. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner

makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Reasonable jurists could disagree on the two issues presented here: first, whether a drug robbery as defined by 18 U.S.C. § 2118(a) meets the force clause of 18 U.S.C. § 924(c)(3)(A), and second, whether the residual clause, § 924(c)(3)(B), is unconstitutionally vague under *Johnson*. A COA will be granted on those issues.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Malarkey's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 61) is DENIED;

2. A certificate of appealability is GRANTED on two issues:

   a.  whether a drug robbery in violation of 18 U.S.C. § 2118 constitutes a "crime of violence" under § 924(c)(3)(A); and

   b.  whether the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague.

A COA is DENIED on all other issues. The clerk shall immediately process the appeal if Malarkey files a Notice of Appeal.

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 16-83-M-DWM are terminated and shall close the civil file by entering judgment in favor of the United States and against Malarkey.

DATED this 7th day of April, 2017.

Donald W. Molloy
United States District Court